Timothy EDWARDS, Petitioner,

v.

AMOCO, Own Risk and The Workers'
Compensation Court, Respondents.

No. 70767.

Court of Appeals of Oklahoma,
Division No. 3.

March 21, 1989.

Rehearing Denied June 22, 1989.

Richard A. Bell, Norman, for petitioner.

Gary W. Sleeper, Oklahoma City, for respondents.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Petitioner Timothy Edwards filed a claim for workers' compensation benefits on January 21, 1987, alleging reduced breathing capacity as a result of exposure to pulmonary irritants at his job with Respondent Amoco.

The trial court found that Petitioner did not sustain an accidental personal injury arising out of and in the course of his employment with Amoco and denied benefits. Petitioner now appeals.

Petitioner contends that the order of the trial court denying benefits is not based upon competent medical evidence because Amoco's medical evidence via the report of Dr. F. who examined Petitioner, failed to make reference to the *American Medical Association Guides to Evaluation of Permanent Impairment* (AMA Guides) pursuant to 85 O.S.1981, Ch. 4, App., Rule 20.

Rule 20 provides, in pertinent part, that expert medical reports shall contain, where applicable, "any other detailed factors upon which the physician's evaluation of permanent impairment is based, including a statement that the evaluation is in substantial accordance with the latest *'Guides to the Evaluation of Permanent Impairment'* adopted and published by the American Medical Association which were in effect when the examination was made. 85 O.S. Supp.1986 § 3(11)."

In the present case, Petitioner testified that he had breathed violent chemicals used to dilute water from oil and gas and welding fumes which made him sick daily during his twenty-month long employment with Amoco. Petitioner contended that he experienced shortness of breath, coughing, and a sore throat from the alleged exposure to the noxious chemicals. He stated that none of the doctors who treated him for a prior back injury treated his lung condition.

Petitioner admitted into evidence the medical report of Dr. C., in which the doctor opined that Petitioner sustained breathing capacity loss while he was continually exposed to toxic chemicals and fumes at his job with Amoco. Dr. C. stated that Petitioner sustained a partial permanent impairment to the body as a whole of 40% secondary to Class 3 respiratory impairment and damage to his lungs. Dr. C. further stated that Petitioner sustained a partial permanent impairment of 10% be-

cause of obstruction in his upper respiratory system caused by his employment with Amoco. The report stated that it was in substantial compliance with the AMA Guides.

Respondent Amoco submitted the medical report of a board certified pulmonary specialist, Dr. F., with a medical history and physical examination attached thereto. Petitioner objected to the admission of the report on competency grounds regarding the issue of injurious exposure because the doctor gave no history of no injurious exposure. Petitioner also objected to the report on the ground that it lacked probative value. The report was admitted into evidence over Petitioner's objections.

Dr. F. stated in his report that Petitioner sustained no significant impairment of his respiratory system and that he found no evidence that Petitioner had been exposed to anything which caused him breathing difficulty or impaired his respiratory system. Dr. F. stated that he found no evidence that the chemicals to which Petitioner was exposed caused any permanent impairment to the respiratory system and discounted Petitioner's report regarding the decreased values of his pulmonary function studies as invalid. Dr. F. did not state that his findings were in substantial compliance with the AMA Guides, pursuant to Rule 20.

The trial court also admitted the report of Dr. M., an independent physician appointed by the court. Petitioner objected to the admission of this report as to competency since there was no history of no injurious exposure within the report. Dr. M.'s report also failed to state that it was in substantial compliance with the AMA Guides.

Tests of ventilatory function which comply with Chapter 3 of the AMA Guides were done at Presbyterian Hospital at the direction of Dr. F. on May 8, 1987. The report of the test results are attached to Dr. F.'s report. Notably, Dr. F. stated Petitioner had difficulty completing the pulmonary function tests, but did not tell the technician what stopped him from properly doing the breathing studies. Dr. F. stated the tests were totally invalid except for the single breath diffusion study. Dr. F. stated that he would not interpret the pulmonary function studies as it would be invalid to give any interpretation of those results.

Dr. F. concluded that Petitioner's complaints were subjective and he could not find any objective evidence of respiratory system impairment or abnormalities. He stated that since Petitioner did not cooperate with the technician in the pulmonary function studies, the test results were meaningless and do not prove that Petitioner has any abnormality of his respiratory system. Dr. F. also discounted the accuracy of the tests conducted by Petitioner's doctor, because his test results also appeared technically inadequate and invalid.

Dr. F.'s report contains a complete history of Petitioner, his complaints, Dr. F.'s findings after doing a complete physical examination which included a chest examination and a chest x-ray, the approximate date of his last exposure while employed by Amoco according to Petitioner and that he had no evidence of past or present lung disease.

The report of Dr. M., the court-appointed doctor, showed that Petitioner was again given pulmonary function spirometry test at the Oklahoma Lung Function Laboratory on October 15, 1987, which revealed that the spirometry was normal in all values and were compatible with normal pulmonary function. This pulmonary function spirometry test is outlined in the AMA Guides which state that the test should be performed in all examinations of permanent impairment. Dr. M. also took chest x-rays which appeared normal. He stated that Petitioner had no mucous or pathology in his nasal passages, his throat was clear, lungs and heart were normal and no rales could be heard. Dr. M. concluded from this examination and the spirometry test conducted that he could not account for Petitioner's complaints and that he has since recovered from whatever chemicals to which he might have suffered exposure. He stated that Petitioner's temporary total disability had ended and that he sustained

no permanent impairment of the whole man while working for Amoco.

We find that in view of the two complete examinations of Petitioner by Drs. F. and M. as well as their detailed reports, the fact that the doctors failed to state that they followed the AMA Guides is not significant; the AMA Guides were substantially followed, as well as Workers' Compensation Court Rule 20, 85 O.S.1981 Ch. 4, App. *See, LaBarge v. Zebco,* 769 P.2d 125 (Okla.1988); *Perlinger v. J.C. Rogers Const. Co.,* 753 P.2d 905 (Okla. 1988); and, *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okla.1982). Although the test results conducted by Dr. F. were invalid and could not be considered by the trial court as competent medical evidence for that reason, Dr. M.'s spirometry test and accompanied report was competent evidence supporting the trial court's finding.

To sustain Petitioner's contention would be to give precedence to pure technicality rather than to substance. This Court declines to do so.

Moreover, Claimant failed to object to Amoco's medical reports on this ground at trial and failed to raise this issue in his petition for review before this Court.

An alleged error on part of the Workers' Compensation Court which is not presented to the trial court, cannot be alleged as error on appeal. *Lewis Drilling Co. v. Brooks,* 451 P.2d 956 (Okla.1969). Furthermore, this Court will not generally review allegations of error that are not raised in the petition for review. *Greene v. Circle Ins. Co.,* 557 P.2d 422 (Okla.1976). Our inquiry on appeal is whether the order of the Workers' Compensation Court is supported by any competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). The probative value to be given to medical evidence is within the exclusive province of the trial court. *See, Department of Public Safety v. Jones,* 578 P.2d 1197 (Okla.1978). We may not weigh the evidence presented to the trial court.

The trial court's judgment denying benefits to Petitioner is hereby SUSTAINED.

BAILEY, C.J., and GARRETT, P.J. concur.