968 P.2d 1214 (1998)
1998 OK 72
In the Matter of the DEATH OF Earl GARLAND.
Darlene Mae GARLAND, Petitioner.
v.
PILGRIM'S PRIDE CORPORATION, Old Republic Insurance Company and the Workers' Compensation Court, Respondents.
No. 89,637.
Supreme Court of Oklahoma.
July 7, 1998.
Rehearing Denied November 3, 1998.
Harry J. Kouri III and Sidney A. Musser, Jr. of Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, Oklahoma, for the petitioner.
Daniel K. Zorn and Laurie A. Fong of Collins, Zorn, Jones & Wagner, Oklahoma City, Oklahoma, for the respondents.
*1215 LAVENDER, J.
¶ 1 The principle issue presented on certiorari is whether petitioner [claimant or decedent's wife] properly preserved for appellate review her objection to the medical report submitted by Pilgrim's Pride Corporation *1216 and Old Republic Insurance Corporation [respondents].

I

FACTS AND PROCEDURAL HISTORY
¶ 2 Petitioner's husband [Garland] while in Pilgrim's employ drove a truck and delivered frozen chicken to various establishments. On December 23, 1994 Garland suffered a myocardial infarction and died while making deliveries. The record demonstrates that Garland suffered from hypertension, high cholesterol, smoked two to three packs of cigarettes a day and that his father died at 55 years of age from a heart attack. The record also evidences that Garland worked long hours [60 to 70 hours per week], his job was physically demanding, and he was fatigued. He was often required to unload boxes of frozen chickens weighing 70 to 90 pounds during his deliveries. On the morning Garland suffered his fatal heart attack, he had unloaded approximately seven of these boxes.[1]
¶ 3 During the hearing petitioner and respondents offered medical reports from their respective experts. When respondents offered Dr. McCambell's narrative report, claimant's counsel objected to its probative value.[2] The trial court ultimately relied upon the report's probative value. Based upon the evidence adduced during the hearing, the trial judge ruled that while Garland's death occurred in the course of his employment, it did not arise out of it  finding instead that his death was not caused by stress in excess of that which would be "experienced by a person in the conduct of everyday living."
¶ 4 The petitioner appealed, arguing that McCambell's narrative report should not have been given probative value because it contains an incomplete work history. Claimant contends that McCambell's narrative does not reveal that he considered the physical stress Garland was working under on the day he died. The Court of Civil Appeals [COCA] agreed with petitioner and reversed the trial judge's decision ruling that it was error to have accorded probative value to McCambell's report. We granted certiorari and now reverse the COCA's decision.

II

THE STANDARD OF REVIEW
¶ 5 When this Court examines a workers' compensation court's factual resolutions, we apply the any-competent-evidence standard.[3] If supported by competent evidence, the trial court's findings may not be disturbed on review.[4]
¶ 6 When on appeal a petitioner asserts error in the probative value either accorded or denied to a medical report, sans an appropriate and timely objection [during trial]  stating the specific ground of objection  that error will not have been properly preserved for appellate review.[5] If there is any competent evidence in the record supporting the tribunal's decision, the lower court's factual determinations are conclusive and binding on the appellate court.[6]

*1217 III
PETITIONER'S FAILURE TO OBJECT WITH THE REQUISITE SPECIFICITY TO McCAMBELL'S NARRATIVE REPORT DOES NOT PRESERVE FOR APPELLATE REVIEW THE TRIAL COURT'S ERROR, IF ANY THERE WERE, IN DETERMINING THAT THE REPORT HAD PROBATIVE VALUE
¶ 7 Workers' Compensation Court Rule 23(C),[7] 85 O.S.Supp.1995 Ch. 4, App., and Oklahoma's extant jurisprudence[8] require that if in a hearing on a workers' compensation claim a party seeks to disqualify a doctor's narrative report for an inadequate history, a general objection as to probative value will not suffice. The party must specifically identify the objection's basis when the narrative report is first proffered. Otherwise, the Gaines rule mandates that the adduced evidence cannot be challenged on appeal.[9] Such is the case here. The objection raised by petitioner's counsel during the hearing below did not identify  either specifically or otherwise  the flaw [inadequate or incomplete history] which was perceived in McCambell's narrative report. Without the requisite specificity the party, opposing the objection, will potentially be denied the benefit conferred by Rule 23(E)[10] and the rule's obvious intent would be subverted. The petitioner cannot here claim surprise with today's application of the Gaines rule because in that case the Court  by an example on all fours with today's case  alerted claimants about the specificity required to properly object to a medical report when an inadequate history was perceived in the narrative offered.[11] Petitioner failed to make the proper objection and the error, if any, is lost for appellate review.

IV

THE TRIAL COURT'S FINDINGS ARE SUPPORTED BY COMPETENT EVIDENCE
¶ 8 If there is any competent evidence in the record which supports the trial court's findings of fact, then that tribunal's decision must be upheld for this Court will not reweigh the evidence. Respondents' medical report was admitted with no objection to its competency[12] by the petitioner. While McCambell's report did not recite a history of the activities in which Garland had engaged on the morning of his death, McCambell states in his narrative's first paragraph that he reviewed Dr. Harper's [the petitioner's doctor] medical report. Harper's January 7, 1997 report recites in detail the work-related activities which Garland performed on the morning of his death. Hence, McCambell had before him all of the relevant and/or pertinent information before he gave his medical opinion. On this record there is competent evidence to support the trial court's finding that Garland's myocardial infarction did not arise out of his employment.

V

SUMMARY
¶ 9 Because petitioner failed to object with specificity to McCambell's narrative report, *1218 the trial court's error, if any, regarding the probative value accorded the report is not properly preserved for appellate review. The only thing remaining on review is an assessment of the record to determine if competent evidence exists to support the trial court's decision. When McCambell's narrative is considered in light of its reference to Harper's report, the facts necessary to afford respondents' doctor a complete work history for the date of death is found. Hence, there is competent, record evidence to support the tribunal's finding that Garland's heart attack was not related to his work but rather was a product of his personal medical history.
¶ 10 On certiorari previously granted,
THE COURT OF CIVIL APPEALS' OPINION IS VACATED AND THE TRIAL COURT'S DECISION IS AFFIRMED.
¶ 11 KAUGER, C.J., HODGES, SIMMS, HARGRAVE and WATT, JJ., concur.
¶ 12 SUMMERS, V.C.J., OPALA and ALMA WILSON, JJ., concur in result.
NOTES
[1] The record evidences that before his death Garland made deliveries to Grandy's and Griders. The delivery at Grandy's was offloaded manually and at Griders delivery was accomplished by use of a hand-powered jack. See Tr.Trans., pp. 45-46.
[2] See Tr.Trans., p. 64, where in response to McCambell's narrative report being offered into evidence, petitioner's counsel stated, "Probative value objection only, Your Honor; and that is that I think it's purposefully vague."
[3] Parks v. Norman Mun. Hosp., 1984 OK 53, 684 P.2d 548, 549 (1984).
[4] Carpenter v. Douglas Aircraft Company, 1966 OK 218, 420 P.2d 911, 912 syl. 2 (1966); Leffler v. McPherson Brothers Transport, 1964 OK 225, 396 P.2d 491, 493 (1964).
[5] Gaines v. Sun Refinery and Marketing, 1990 OK 33, 790 P.2d 1073, 1079 (1990) [overruled by Davis v. B.F. Goodrich, 1992 OK 14, 826 P.2d 587 (1992), on other issues].
[6] TRW/Reda Pump v. Brewington, 1992 OK 31, 829 P.2d 15, 27 (1992).
[7] The pertinent provisions of Rule 23(C) are:

"An objection to medical testimony offered by a signed, written, verified or declared medical report, if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, shall be interposed at the same time it is offered into evidence."
[8] Gaines, supra note 3 at 1079.
[9] Id. at 1079.
[10] Rule 23(E), 85 O.S.Supp.1995, Ch. 4, App., provides:

"When a timely made objection to offered evidence is sustained, the offering party shall be given the opportunity to elect whether to stand on the evidence offered or be given a chance to cure the defect, unless the Court finds the defect resulted from bad faith or for the purpose of delay."
[11] Gaines, supra note 3 at 1079.
[12] For the distinction between objections to competency and to probative value see Lacy v. Schlumberger Well Service, 1992 OK 54, 839 P.2d 157, 158-59 (1992); Whitener v. South Central Solid Waste Authority, 1989 OK 62, 773 P.2d 1248, 1249 n. 1 (1989).