2007 OK CIV APP 37

**RUSH TRUCK CENTER/OKC, HART-FORD INS. CO., Insurance Carrier, and the Workers' Compensation Court, Petitioners,**

v.

**Kelley WATSON, Respondent.**

No. 103,268.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 19, 2007.

Certiorari Denied April 16, 2007.

Travis Alan Fulkerson, Richard Daniel Scroggins, Fellers, Snider, Blankenship, Bailey and Tippens, P.C., Tulsa, OK, for Petitioners.

Wayne A. Wells, Edmond, OK, for Respondent.

ROBERT DICK BELL, Judge.

¶1 Respondent, Kelley Watson (Claimant), filed a Form 3 on December 16, 2005, claiming a work-related injury to his left leg. The injury arose out of an accident while Claimant was working for Petitioner, Rush Truck Center/OKC (Employer), as a diesel mechanic. On August 2, 2005, Claimant injured his left knee when the stool on which he was standing slipped out from underneath him. When the physical therapy provided by Employer failed to provide relief, Claimant was referred to Dr. Kevin Hargrove, an orthopaedic surgeon. After evaluation, Claimant underwent arthroscopic surgery to his left knee on September 27, 2005. Once Claimant reached maximum medical improvement (MMI), Dr. Hargrove rated Claimant's permanent impairment at 3%.

¶2 Claimant filed a Form 9 seeking a hearing on the issue of permanent partial disability (PPD) to his left leg. Claimant attached in support of that request a narrative report by Dr. James Metcalf dated January 17, 2006. Dr. Metcalf reported Claimant had sustained 25% impairment to the left leg.

¶3 At trial, the Workers' Compensation Court judge heard the testimony of Claimant

and admitted the reports of Dr. Metcalf and Dr. Hargrove, along with Dr. Hargrove's medical notes. The trial court found 12% PPD to Claimant's left leg. From this order, Employer appeals.

¶4 We first address Employer's allegations regarding Dr. Metcalf's report. As Claimant correctly notes, Employer failed to make any specific objections to the competency or probative value of Dr. Metcalf's report at trial. A party seeking to disqualify a doctor's report "must *specifically* identify the objection's basis" when the report is first offered. *In re Death of Garland,* 1998 OK 72, ¶7, 968 P.2d 1214, 1217 (emphasis in original). A general objection will not suffice. Failure to lodge a specific objection at trial results in waiver of that issue on appeal. *Id.* Because Employer failed to raise any specific objections to the doctor's report before the trial tribunal, the alleged errors are not preserved for appellate review. Accordingly, we find Dr. Metcalf's report stands properly admitted as proof in the case and constitutes competent evidence supporting the trial court's determination that Claimant suffered a work-related injury with PPD. *Himes v. Country Style Health Care, Inc.,* 1999 OK CIV APP 49, ¶11, 982 P.2d 535, 537.

¶5 Employer next claims the trial court failed in three respects to properly follow 85 O.S. Supp.2005 17 in determining disability to Claimant's left leg. First, Employer argues the trial court is required by § 17(A)(1) to disregard the report of the Independent Medical Examiner (IME) when the treating physician rates the injured worker's permanent impairment. Next, Employer contends the trial court failed to follow § 17(A)(2) which sets forth the proper manner to rebut the presumption given to the treating physician. Lastly, Employer asserts the trial court erred by not specifically listing the reasons for deviating from the treating physician's opinion. Employer's allegations of error call for an interpretation of the recently enacted amendments to § 17 which became effective on July 1, 2005. Each argument appears to present an issue of first impression. Because the allegations present questions of law, our review of the trial court's decisions is *de novo. American Airlines v. Hervey,* 2001 OK 74, ¶11, 33 P.3d 47, 50.

¶6 Section 17 sets forth the method by which the Workers' Compensation Court is to measure the extent of an injured worker's disability. Subsection 17(A)(1) states in relevant part:

The determination of disability shall be the responsibility of the Workers' Compensation Court. Any claim submitted by an employee for compensation for permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Section 3 of this title, and which shall include an evaluation by the treating physician or an independent medical examiner if there is no evaluation by the treating physician, stating his or her opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury or occupational disease. A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty.

Nowhere does this provision purport to exclude other evidence. Subsection 17(A)(2)(a) states there is a rebuttable presumption in favor of a treating physician's opinion and subsection (b) sets forth the procedure for so doing. Subsection (b) also provides the trial court must detail its rationale if it deviates from the opinion of the treating physician as opposed to the IME.

¶7 In the case at bar, Dr. Hargrove's report did not state his opinion was within a reasonable degree of medical certainty. Dr. Metcalf's report did include such statement. Pursuant to § 17(A)(1), the only competent medical evidence introduced at trial was Claimant's medical evidence. Although Claimant did not object to its introduction, Dr. Hargrove's report was incompetent on its face. The PPD order could have defaulted on the amount Dr. Metcalf stated in his report. Because Claimant did not appeal the

percentage of impairment, however, we are not called upon to adjust the award.

¶ 8 The proper manner in which the trial court should evaluate PPD cases for workers' compensation under § 17(A), where a party objects to the treating physician's opinion, is to allow that party to submit its own medical opinion. Such procedure will assist the judge in reaching a more informed decision regarding an injured worker's disability. As the first sentence of § 17(A)(1) makes clear, it is the responsibility *of the trial court* to determine the disability of an injured worker. To permit a treating physician to exclusively decide a worker's disability would usurp the authority of the trial judge in contravention of § 17. The Legislature could not have intended such a result. *See* also § 17(A)(2)(b) which specifically authorizes the trial court to "establish its own opinion within the range of opinions of the treating physician and the Independent Medical Examiner."

¶ 9 Adoption of Employer's arguments regarding the construction and application of § 17 would result in legislative encroachment on judicial independence. In *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, 130 P.3d 213, the Court addressed an argument that the predecessor of § 17 required the Workers' Compensation Court to elevate the probative value of an IME's opinion. The Court held:

> A legislative command to adjudicate a fact by a predetermined statutory direction would constitute an impermissible invasion into the realm of judicial independence. It encroaches upon the free exercise of decision making powers reserved to the judiciary. Were the Legislature to require that the Workers' Compensation Court accord an elevated degree of probative value to an IME report its enactment would impermissibly rob that tribunal of its independent power to establish impairment or disability within the range of received competent evidence. The Legislature is confined to mandating what facts must be adjudged. It may neither predetermine adjudicative facts nor direct that their presence or absence be found from any proof before a tribunal.

*Id.,* 2005 OK 27 at ¶ 14, 130 P.3d at 220–1 (emphasis and footnotes omitted).

¶ 10 *Yocum* applies equally to Employer's arguments in this case. The Legislature may not predetermine by statutory direction the superiority of a treating physician's report. Trial courts must maintain authority "to establish impairment or disability within the range of received competent evidence." *Id.*

¶ 11 We further hold due process of law commands a workers' compensation litigant-claimant or respondent-be allowed to introduce its own expert medical evidence. "Inherent in the [Oklahoma Constitution] Article II, § 7, standards of due process of law is the element of an opportunity to be heard." *Crussel v. Kirk,* 1995 OK 41, ¶ 14, 894 P.2d 1116, 1121 (footnotes and emphasis omitted).

> "A party's opportunity to present its case is an essential element of due process." Due process requires an orderly proceeding in which the parties are given "an opportunity to be heard, and to defend, enforce and protect their rights."
>
> * * *
>
> Just as a trial without a right to cross examine adverse witnesses denies one due process, so, too, a hearing in which one has no opportunity to present witnesses for refutation of the adverse position offends the litigant's fundamental right to due process of law. An opportunity fully to develop the facts is essential.

*Towne v. Hubbard,* 2000 OK 30, ¶ 19, 3 P.3d 154, 162 (citations and emphasis omitted).

¶ 12 A workers' compensation litigant must be afforded the opportunity to present its own medical evidence regarding disability. This rule, mandated by fundamental due process, applies equally to claimants and respondents. Consequently, we hold § 17 does not preclude a litigant from introducing its own expert medical evidence to either bolster or refute the opinion of the treating physician.

¶ 13 According to Employer, the trial court also erred when it failed to specifical-

ly list its reasons for deviating from the treating physician's opinion. We hold § 17(A)(2)(b) imposes this requirement upon the trial court only when the treating physician's opinion conflicts with the IME's opinion taken as a whole.

¶ 14 We conclude the trial court's factual findings were supported by competent medical evidence. Although Respondent presented evidence which would have supported a contrary determination of PPD, the existence of that evidence is immaterial since we only search for competent evidence to support the Workers' Compensation Court's factual findings. *Owings v. Pool Well Serv.*, 1992 OK

159, ¶ 7, 843 P.2d 380, 383. We do not reweigh the evidence. *Edwards v. Amoco*, 1989 OK CIV APP 15, ¶ 17, 776 P.2d 566, 569. On the basis of the foregoing, the judgment of the trial court is sustained.[1]

¶ 15 SUSTAINED.

HANSEN, P.J., and BUETTNER, J., concur.

1. Because we find the trial court's judgment is supported by competent medical evidence, we reject Employer's contention that the trial court's finding of lost wage earning capacity was not supported by medical evidence.