2007 OK CIV APP 62

**CITY OF STILLWATER, a municipal corporation, Petitioner,**

v.

**Scott C. OLIVER and The Workers' Compensation Court, Respondents.**

No. 103,728.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 23, 2007.

Dennis J. McGrath, Assistant City Attorney, Stillwater, OK, for Petitioner.

Bob Burke, Oklahoma City, OK, for Respondent Scott C. Oliver.

KENNETH L. BUETTNER, Judge.

¶ 1 Petitioner City of Stillwater (Employer) seeks review of an Order of the Workers' Compensation Court which found that Respondent Scott C. Oliver sustained an accidental injury arising out of and in the course of employment. The trial court abused its discretion and erred as a matter of law in excluding relevant evidence proffered by Employer. Employer's offer of proof, which the trial court refused to hear, indicated the eyewitness testimony would have addressed the issue of whether Oliver in fact engaged in the activity he claimed caused his injury. Employer asserts the statute, on which the trial court relied to exclude the evidence, is unconstitutional. The record does not present a question of constitutionality; rather, the trial court erred as a matter of law in relying on 85 O.S.Supp.2005 § 17 as a basis to exclude relevant evidence under the circumstances presented by this case. We vacate and remand for a new trial.

¶ 2 Oliver filed his Form 3 March 3, 2006. Oliver, a firefighter, claimed a November 3, 2005 single incident injury to the back, occurring when "he was assisting an accident victim and felt a pain in his back." Employer filed its Form 10 March 16, 2006, in which it denied Oliver sustained an accidental injury arising out of and in the course of employment. In its Form 10, Employer offered the following affirmative defense: "(e)ye witnesses at the scene dispute (Oliver's) report that he was injured while lifting an accident victim. Statements from co-workers indicate (Oliver) did not at any time lift the patient as he claims." Oliver later filed an amended Form 3 in which he claimed an aggravation of his injury occurred November 9, 2005.

¶ 3 Trial was held July 26, 2006 and the trial court issued its Order August 16, 2006. The trial court found that on November 3, 2005, Oliver sustained an accidental injury to the lumbar spine, arising out of and in the course of his employment.[1] The portion of the Order at issue here is paragraph 4, which provides:

THAT Dr. Thomas Craven is the "treating physician" in this claim. The reports/opinions of Dr. Thomas Craven have been introduced into evidence as (Oliver's) exhibit # 3. The statutory presumption afforded these opinions has not been rebutted by (Employer). Therefore, the court is obligated to accept Dr. Craven's opinions as fact in this case.

¶ 4 Employer seeks review of this Order, claiming that the trial court erred in applying 85 O.S.Supp.2005 § 17(A) to exclude Employer's witnesses' testimony. Employer claims § 17(A) is an unconstitutional delegation of the trial court's authority to determine causation. We will not disturb the decision of the Workers' Compensation Court unless the order is unsupported by competent evidence or includes an error of law.

---

1. Also in the Order, but not relevant to this decision, the trial court found Oliver sustained a re-injury November 9, 2005, also arising out of and in the course of employment; reserved determination of the rates of compensation and the determination of permanent disability; and directed Employer to provide medical treatment, including surgery, by Dr. Craven.

*Parks v. Norman Municipal Hosp.*, 1984 OK 53, 684 P.2d 548, 552.

¶ 5 No witnesses testified at trial. At issue was whether Oliver sustained an injury arising out of and in the course of employment. Employer stipulated that Oliver was employed by the City of Stillwater on November 3 and 9, 2005 and that Dr. Craven, the treating physician, found that Oliver had a medical condition. Employer objected to Dr. Craven's report as to the cause of Oliver's condition. The parties agreed Dr. Craven was the treating physician selected by Employer, that Dr. Craven had issued a competent medical report on the issue of compensability, and that Employer did not file a formal objection to Dr. Craven's report.

¶ 6 The trial court then explained:

based on the Court's interpretation of the new law,[2] which is that if the treating physician has given us a competent medical report on the issue of compensability and need for medical treatment, and the presumption has not been rebutted pursuant to the statute, which means the appointment of a Court-appointed independent medical examiner, who would then examine the report to see if it was based

2. The new law at issue here is the amended version of 85 O.S.Supp.2005 § 17(A). That section provides (emphasis added):

§ 17. Determination of disability—Independent medical examiners—Termination of temporary total disability

A. 1. *The determination of disability shall be the responsibility of the Workers' Compensation Court. Any claim* submitted by an employee for compensation for permanent disability *must be supported by competent medical testimony* which shall be supported by objective medical findings, as defined in Section 3 of this title, and *which shall include an evaluation by the treating physician* or an independent medical examiner if there is no evaluation by the treating physician, *stating his or her opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury* or occupational disease. A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty. For purposes of this section, a physician shall have the same meaning as defined in Section 14 of this title and shall include a person licensed by another state who would be qualified to be a licensed physician under the laws of this state.

2. Any party may object to the opinion of the treating physician by giving written notice to all other parties and to the Court. Upon receipt of such notice, if the parties fail to agree on the selection of an independent medical examiner, the Court shall randomly select an independent medical examiner who shall be afforded a reasonable opportunity to examine the employee together with all medical records involved and any other medical data or evidence that the independent medical examiner may consider to be relevant. The independent medical examiner shall issue a verified written report on a form provided by the Administrator to the Court stating his or her finding of the percentage of permanent impairment of the employee and whether or not the impairment is job-related and caused by the accidental injury or occupational disease(.)

a. *There shall be a rebuttable presumption in favor of the treating physician's opinions on* the issue (*sic*) of temporary disability, permanent disability, *causation,* apportionment, rehabilitation or necessity of medical treatment. Any determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3 of this title.

b. The Independent Medical Examiner shall be allowed to examine the claimant, receive any medical reports submitted by the parties and review all medical records of the claimant. If the Independent Medical Examiner determines that the opinion of the treating physician is supported by the objective medical evidence, the Independent Medical Examiner shall advise the Court of the same. If the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, the Independent Medical Examiner shall advise the Court of the same and shall provide the Court with his or her own opinion. In cases in which an independent medical examiner is appointed, the Court shall not consider the opinion of the Independent Medical Examiner unless the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, in which case the Court shall follow the opinion of the Independent Medical Examiner, the opinion of the treating physician or establish its own opinion within the range of opinions of the treating physician and the Independent Medical Examiner. If the Court does not follow the opinion of the treating physician, the Court shall set out its reasons for deviating from the opinion of the treating physician.

3. Any party may request the deposition testimony of the treating physician or the Independent Medical Examiner providing a written medical report on the issue (*sic*) of temporary disability, permanent disability, causation, apportionment or rehabilitation. The party requesting the deposition testimony of any such physician shall be responsible for the reasonable charges of the physician for such testimony, preparation time, and the expense of the deposition.

on objective medical evidence, the presumption then has not been rebutted and the Court is to accept that presumption in this proceeding.

The court then stated it understood Employer had an additional defense based on that interpretation of 85 O.S.Supp.2005 § 17, which was that the statute is an unconstitutional delegation of judicial authority and a denial of due process. Employer agreed with the trial court's statement of Employer's objection. The trial court then announced it accepted Dr. Craven's report.

¶ 7 The trial court then stated to counsel for Employer:

I also understand that you wish to make an offer of proof as far as what your witnesses would have testified to if the Court would allow them to testify.

(Counsel for Employer): That's correct, ....

The Court: Because the statute doesn't provide for witnesses to rebut the presumption of the treating physician, Court will not allow your witnesses to testify, but the Court will excuse itself from the courtroom while you make an offer of proof on the record.

The judge left the room and Employer gave an offer of proof based on Oliver's deposition testimony. Employer asserted that Tommy Low was Oliver's partner on the ambulance on November 3, 2005. Employer averred Low would have testified that when he and Oliver responded to the accident in which Oliver alleged he was injured, *Low never saw Oliver have any physical contact with the patient nor did Oliver lift the patient.* Employer next asserted Mike Clark, another firefighter, would testify that "he was on the back board helping to carry this patient" and never saw Oliver carry the patient or treat the patient in any way. Employer averred Clark was the firefighter who helped carry the patient from the accident vehicle to the ambulance and helped load the patient into the ambulance, "thereby keeping Mr. Oliver away, because Mr. Oliver could not carry the patient. *Mr. Clark would testify that Mr. Oliver never had any physical contact with this patient.*" Employer next asserted that Dale Parrish was the Fire Captain on No-

vember 3, 2005 and also responded to the accident and never saw Oliver treat the patient. Employer noted that Oliver had testified in his deposition that he was at the head of the backboard carrying the patient, and *Employer averred that Parrish would directly dispute Oliver's claim by testifying that Parrish carried the head of the backboard.*

¶ 8 Employer summarized by saying that each of its witnesses would testify that Oliver did not have contact with nor carry the patient. Employer asserted that the witnesses would have disputed all of Oliver's deposition testimony and would have testified that Oliver was not injured while working November 3, 2005, and that indeed, Oliver participated in a ropes course November 4, 2005 and was not injured at that time.

¶ 9 Counsel for Oliver then stated:

So that our record is complete and (Oliver) has adequate testimony in the record, we'll make an offer of proof of the deposition of May 22nd, 2006, taken of Scott Oliver, since he has not been allowed to testify and will not be allowed to testify today to prove the elements of causation and accidental injury as Claimant's 1, and as Claimant's 2, we would offer for purposes of the record the medical narrative of Dr. John Hallford, dated May 16, 2006, as Claimant's 2. If he were allowed to testify, he would testify per the report.

The judge then returned to the courtroom and announced "(a)ll right. Now, the report of Dr. Craven." Oliver then offered as Claimant's Exhibit 3 Dr. Craven's November 28, 2005 report, and his "office and treatment notes, up through and including the June 7th, 2006 report addressing the issues of major cause directed medical evidence per the statute." Employer announced it had no other objection than the ones it previously announced. The trial court admitted Oliver's Exhibit 3 and the trial ended.

¶ 10 Dr. Craven's June 7, 2006 letter to Oliver's counsel states, in pertinent part. "I initially saw (Oliver) on November 28, 2005, roughly three weeks after he sustained an injury while extricating a 325 pound victim

from a motor vehicle accident.[3] He states that after this injury he had immediate pain into his back and radiating into his left leg. His MRI scan revealed significant disc degeneration and small protrusion. It is my feeling that the injury of 11/3/05 is the major cause and is supported by objective medical evidence." Dr. Craven's November 28, 2005 letter to Employer states, in pertinent part "(Oliver) ... sustained an injury on 11/03/05 while extricating a 325–pound victim from a motor vehicle accident while working for (Employer). He states he has had two previous back injuries that both resolved after two to three weeks."

¶ 11 In this review proceeding, Employer argues that the trial court erred as a matter of law in finding that § 17 limits the determination of causation exclusively to the treating physician. Employer asserts the statute is an unconstitutional delegation of judicial authority. However, we find the trial court simply erred in applying § 17 in this case. We find the constitutionality of § 17 is not implicated, and we therefore do not address that claim. See *Board of County Com'rs of Muskogee County v. Lowery*, 2006 OK 31, ¶ 14; 136 P.3d 639, 649 (as a general rule, where legal relief is available on alternative, non-constitutional grounds, appellate courts avoid reaching a determination on the constitutional basis); *State ex rel. Fent v. State ex rel. Oklahoma Water Resources Bd.*, 2003 OK 29, ¶ 12, 66 P.3d 432 ("prudential rule of necessity" directs that constitutional issues must not be decided absent strict necessity).

 ¶ 12 The Workers' Compensation Act was amended in 2005, and the current version of § 17, quoted above, had gone into effect at the time of Oliver's alleged injury. That section is titled "disability" and it is addressed to the determination of the percentage of disability attributable to a claimed work-related injury. To be compensable under the Act, an injury still must arise out of and in the course of employment. 85 O.S.Supp.2005 § 3(13); § 11(A). A workers' compensation claimant bears the burden of proving that his injury arose out of and in the course of employment. *Walkey v. Triad Drilling Co.*, 1995 OK CIV APP 131, 911 P.2d 1222 (*cert.denied*). Nothing in § 17(A) alters this requirement. Section 17(A) addresses the determination of disability caused by an injury arising out of and in the course of employment. Section 17 presumes the arising out of and in the course of element has been proven by the claimant, and the amount of disability attributable to that injury is the issue to be determined under the direction of § 17(A).

[4] ¶ 13 Dr. Craven's reports are presumptive for the fact that Oliver's back is injured and the type of injury. And as Dr. Craven noted, Oliver reported two prior back injuries. If the evidence showed that Oliver did lift the patient on November 3, 2005, then the treating physician's opinion on whether Oliver's back injury was caused by the lifting on November 3 or by either of the prior injuries would be presumed correct according to § 17(A). But the fact issue of whether Oliver was involved in the activity he claimed caused the injury at the time and in the manner in which he claimed, i.e., while working for Employer, and specifically whether he even lifted the patient on November 3, 2005, is for the trial court to decide based on relevant evidence. Here the trial court excluded relevant evidence of that fact, including even Oliver's own testimony of what he was doing at the time of his claimed injury and how the injury occurred.

[5, 6] ¶ 14 The trial court's interpretation of § 17 would effectively remove any need for trial. The parties would simply submit the treating physician's report, the trial court would adopt it, and the matter would be settled. While § 17 now includes "causation" as an issue the treating physician's report is presumed to determine, the Act continues to require the trial court to make the determination that the claimant has sustained an accidental injury arising out of and in the course of employment. At most, the reference to causation in § 17 means that the

---

**3.** As noted above, Oliver's deposition testimony was not admitted, but Oliver offered it as an offer of proof. In his deposition, Oliver testified that he did not extricate the victim from his car. Oliver testified that he helped to lift the patient from the ground to the ambulance by standing at the head of the backboard.

treating physician must determine whether the injury, which arose out of and in the course of employment, caused the disability found. The fact of an injury arising out of and in the course of employment is not for the treating physician to determine. To hold otherwise would mean that if the treating physician reported the employee was injured at work on a day the employee was not at work, the employer would be barred from presenting any witnesses on the factual question of arising out of and in the course of employment. Or, according to Oliver, the employer would have to object to the treating physician's report, and request an independent medical examiner, who instead of testifying to medical findings, would be expected to testify the employee was not at work on the day the claimed injury occurred, as the only rebuttal contemplated by § 17.

■ ¶ 15 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. 12 O.S.2001 § 2401. All relevant evidence is admissible, unless its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise. 12 O.S.2001 § 2402– § 2403. The decision to admit or exclude relevant evidence is left to the trial court's discretion. *Lerma v. Wal–Mart Stores, Inc.*, 2006 OK 84, ¶ 32, 148 P.3d 880. This rule applies in the Workers' Compensation Court. *Beets v. Metropolitan Life Ins. Co.*, 1999 OK 15, 995 P.2d 1071.

¶ 16 As previously noted by the Oklahoma Court of Civil Appeals, the Workers' Compensation Act requires the trial court to consider all offered relevant evidence:

Section 3.6 of the Workers' Compensation Act provides:

A. All the evidence pertaining to each case, except upon agreed orders, shall, insofar as may be possible, be heard by the Judge initially assigned to the case. Upon the completion of such hearing or hearings, the Judge hearing the cause shall make such order, decision or award as is proper, just and equitable in the matter. . . .

The statute appears to require the trial court to take evidence before entering an order determining a claim. However, we hold the court is not required to take evidence when a claimant presents a "claim" for which the Workers' Compensation Act and the cases interpreting it afford no relief to a claimant. We do not assume the Legislature intended to require evidence when the injury complained of is not compensable.

*Carlile v. City of Oklahoma City/ Public Information Service*, 1993 OK CIV APP 77, 856 P.2d 1008.

¶ 17 Oliver responds that the trial court correctly applied the statute. Oliver asserts the purpose of the amendments to § 17 is to avoid the problem of "dueling doctors" in which each side of a workers' compensation case presents a doctor's report reaching opposite conclusions. Oliver asserts Employer had the option, under § 17, to object to Dr. Craven's report, in which case an independent medical examiner would have been appointed. Oliver asserts that Employer's mistake was in attempting to introduce lay witnesses on the issue of causation. Under the circumstances presented by this case, apparently an independent medical examiner would have been required not to examine Oliver, but to report that eyewitnesses reported that Oliver *never* had contact with the very patient he claimed to have injured his back by lifting. The eyewitnesses' testimony was also relevant as bearing on the credibility of Oliver's claim and his relation of factual causation to the treating physician.

■ ¶ 18 The Workers' Compensation Act limits awards of compensation to injuries arising out of and in the course of employment. The amended § 17(A) adds a presumption to the correctness of the treating doctor's opinion on the amount of disability and whether a compensable injury caused the disability. The burden remains on the claimant to prove a compensable injury which arose out of and in the course of employment. The record here includes no testimony from Oliver describing how he was injured while working, nor does the record

include Employer's eyewitness testimony purportedly refuting Oliver's claim. This relevant evidence is missing because the trial court erred in finding the evidence was inadmissible according to § 17(A).[4] The trial court abused its discretion as a matter of law in excluding evidence directly relevant to the essential issue of whether Oliver in fact sustained an injury arising out of and in the course of employment. Without evidence on that essential issue, we must vacate the Order. We remand for retrial of Oliver's claim.

VACATED AND REMANDED.

HANSEN, P.J., and BELL, J., concur.

---

**4.** See *Rush Truck Center/OKC v. Watson,* 2007 OK CIV APP 37, 159 P.3d 1146, *(cert.denied)*, which held that while § 17 states there is a rebuttable presumption in favor of the treating physician's opinion, § 17(A) does not *exclude* other evidence. In *Watson,* the claimant submitted a report from an independent medical examiner, which supported the trial court's determination of percentage of disability. The employer argued the trial court erred in considering the report of the IME because of the presumption in favor of the treating physician's opinion. Proof of arising out of and in the course of employment was not an issue in *Watson,* but the opinion established § 17(A) does not exclude relevant evidence.